**Will MACPHEAT, Plaintiff–Appellant,**

v.

**Joe MAZUREK; Rick Day, Defendants–Appellees.**

**No. 01–35019.**

**D.C. No. CV–00–00122–M–DWM.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001.*

Decided Aug. 30, 2001.

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM**

Will MacPheat appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging that the Montana Sexual or Violent Offender Registration Act (the "Act") violates the Ex Post Facto Clause and Due Process Clause. We have

---

* The panel unanimously finds this case suitable for decision without oral argument, and denies appellees' request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's dismissal of an action for failure to state a claim. *Kruso v. Int'l Tel. & Tel. Corp.,* 872 F.2d 1416, 1421 (9th Cir.1989).

Because MacPheat failed to allege a cognizable legal theory or sufficient facts to state a cognizable legal theory that the Act violated the Ex Post Facto Clause, the district court properly dismissed this claim. *See Russell v. Gregoire,* 124 F.3d 1079, 1086–94 (9th Cir.1997).

Because MacPheat failed to allege a property or liberty interest protected under the Due Process Clause, the district court properly dismissed this claim. *See id.* at 1093–94.

We deny appellees' request for supplemental briefing.

**AFFIRMED.**

---

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

